IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| JAMES EVERETT SHELTON, | ) | CASE NO. 1:19CV00081 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ANSWER OF DEFENDANT KAA** |
| v. | ) | **ENERGY, INC.** |
| | ) | |
| DIRECT ENERGY, LP, *et al.*, | ) | *JURY DEMAND ENDORSED HEREON* |
| | ) | |
| Defendants. | ) | |

Defendant KAA Energy Inc. ("Defendant"), by and through counsel, for its Answer and Affirmative Defenses to the First Amended Class Action Complaint ("Complaint") of Plaintiff James Everett Shelton ("Plaintiff") states as follows:

**Preliminary Statement**

1.      Defendant admits that Plaintiff has brought this action to assert violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"); however, the conduct at issue falls outside the scope and purpose of the TCPA.  No further response is necessary from Defendant as this allegation consists entirely of legal conclusions and the TCPA speaks for itself.  To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of Plaintiff's First Amended Complaint, and therefore denies the same.

2.      Defendant admits that it contracted with Defendant Direct Energy, LP to conduct marketing campaigns. All other allegations contained in Paragraph 2 of Plaintiff's First Amended Complaint not expressly admitted herein are denied, either for lack of knowledge or because they are untrue.

3.      Defendant denies the allegations contained in Paragraph 3 of Plaintiff's First Amended Complaint.

4.      At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 4 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 4 as they relate to this Defendant.

5.      At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 5 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 5 as they relate to this Defendant.

6.      At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 6 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 as they relate to this Defendant.

7.      To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 7 of Plaintiff's First Amended Complaint.

**Parties**

8.      Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of Plaintiff's First Amended Complaint, and therefore denies the same.

9.      At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 9 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 9 as they relate to this Defendant.

10.      No response is necessary from Defendant as this allegation consists solely of allegations relating to another defendant. To the extent a response is necessary, Defendant is without

knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of Plaintiff's First Amended Complaint, and therefore denies the same.

11.     Defendant admits that it is headquartered in Texas with a principal place of business at 3914 Trailstone Lane, Katy, Texas 77494. All other allegations contained in Paragraph 11 of Plaintiff's First Amended Complaint not expressly admitted herein are denied, either for lack of knowledge or because they are untrue.

## Jurisdiction and Venue

12.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12 of Plaintiff's First Amended Complaint, and therefore denies the same.

13.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the alleged laws involved in Plaintiff's allegations speak for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13 of Plaintiff's First Amended Complaint, and therefore denies the same.

14.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the alleged laws involved in Plaintiff's allegations speak for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14 of Plaintiff's First Amended Complaint, and therefore denies the same.

## The Telephone Consumer Protection Act

15.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. To the extent a response is necessary, Defendant is without knowledge sufficient to form

a belief as to the truth of the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint, and therefore denies the same Defendant denies the allegations set forth in Paragraph 15 of Plaintiff's First Amended Complaint.

16.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16 of Plaintiff's First Amended Complaint, and therefore denies the same.

17.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 17 of Plaintiff's First Amended Complaint, and therefore denies the same.

18.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-0278, Report and Order, 18 F.C.C. Rcd. 14014, 14115 ¶ 165 (2003) speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 18 of Plaintiff's First Amended Complaint, and therefore denies the same.

19.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012) speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 19 of Plaintiff's First Amended Complaint, and therefore denies the same.

20.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is

4

without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of Plaintiff's First Amended Complaint, and therefore denies the same.

21.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21 of Plaintiff's First Amended Complaint, and therefore denies the same.

<u>Pennsylvania's Unfair Trade Practices and</u>
<u>Consumer Protection Law and Pennsylvania's Telemarketer Registration Act.</u>

22.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 22 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 22 as they relate to this Defendant.

23.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 23 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 23 as they relate to this Defendant.

24.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 24 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 24 as they relate to this Defendant.

25.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 25 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 25 as they relate to this Defendant.

26.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 26 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 6 as they relate to this Defendant.

### Factual Allegations

27.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 27 of Plaintiff's First Amended Complaint, and therefore denies the same.

28.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 28 of Plaintiff's First Amended Complaint, and therefore denies the same.

29.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 of Plaintiff's First Amended Complaint, and therefore denies the same.

30.     As to the allegations against this Defendant, Defendant denies that allegations contained in paragraph 30 of Plaintiff's First Amended Complaint. With regard to all other allegations contained in paragraph 30 of Plaintiff's First Amended Complaint, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 30 of Plaintiff's First Amended Complaint, and therefore denies the same.

31.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and 47 U.S.C. ¶ 153(39) speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 31 of Plaintiff's First Amended Complaint, and therefore denies the same.

32.     Defendant admits that Direct Energy's Motion to Dismiss contained an affidavit from Defendant indicating that Defendant had contacted Mr. Shelton. All other allegations contained in Paragraph 32 of Plaintiff's First Amended Complaint not expressly admitted herein are denied, either for lack of knowledge or because they are untrue.

33.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 33 of Plaintiff's First Amended Complaint, and therefore denies the same.

34.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 34 of Plaintiff's First Amended Complaint, and therefore denies the same.

35.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 35 of Plaintiff's First Amended Complaint, and therefore denies the same.

36.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 36 of Plaintiff's First Amended Complaint, and therefore denies the same.

37.     Defendant admits that Direct Energy's Motion to Dismiss contained an affidavit from Defendant indicating that Defendant had contacted Mr. Shelton. All other allegations contained in Paragraph 37 of Plaintiff's First Amended Complaint not expressly admitted herein are denied, either for lack of knowledge or because they are untrue.

38.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 38 of Plaintiff's First Amended Complaint, and therefore denies the same.

39.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 39 of Plaintiff's First Amended Complaint, and therefore denies the same.

40.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 40 of Plaintiff's First Amended Complaint, and therefore denies the same.

41.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 41 of Plaintiff's First Amended Complaint, and therefore denies the same.

42.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 42 of Plaintiff's First Amended Complaint, and therefore denies the same.

43.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 43 of Plaintiff's First Amended Complaint, and therefore denies the same.

44.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 44 of Plaintiff's First Amended Complaint, and therefore denies the same.

45.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 45 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 45 as they relate to this Defendant.

46.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 46 of

Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 46 as they relate to this Defendant.

47.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 47 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 47 as they relate to this Defendant.

48.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 48 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 48 as they relate to this Defendant.

49.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 49 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 49 as they relate to this Defendant.

50.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 50 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 50 as they relate to this Defendant.

51.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 51 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 51 as they relate to this Defendant.

52.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 52 of

Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 52 as they relate to this Defendant.

53.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 53 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 53 as they relate to this Defendant.

54.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 54 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 54 as they relate to this Defendant.

55.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 55 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 55 as they relate to this Defendant.

56.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 56 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 56 as they relate to this Defendant.

57.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 57 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 57 as they relate to this Defendant.

58.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 58 of

Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 58 as they relate to this Defendant.

59.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and the TCPA speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 59 of Plaintiff's First Amended Complaint, and therefore denies the same.

60.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 92-90, Memorandum Opinion and Order, 10FCC Rcd 12391 (1995) speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 60 of Plaintiff's First Amended Complaint, and therefore denies the same.

61.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *In re Rules and Regulations Implementing the TCPA*, CG Docket No. 92-90, Memorandum Opinion and Order, 10FCC Rcd 12391 (1995) speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61 of Plaintiff's First Amended Complaint, and therefore denies the same.

62.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *May 2013 FCC Ruling*, 28 FCC Rcd at 6588 speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 62 of Plaintiff's First Amended Complaint, and therefore denies the same.

63.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *May 2013 FCC Ruling*, 28 FCC Rcd at 6588 speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the

allegations set forth in Paragraph 63 of Plaintiff's First Amended Complaint, and therefore denies the same.

64.    No response is necessary from Defendant as this allegation consists solely of legal conclusions and *May 2013 FCC Ruling*, 28 FCC Rcd at 6592 speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 64 of Plaintiff's First Amended Complaint, and therefore denies the same.

65.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 65 of Plaintiff's First Amended Complaint, and therefore denies the same.

66.    At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. As such, no further response is necessary from Defendant relative to Paragraph 66 of Plaintiff's First Amended Complaint. However, to the extent that a response is required, Defendant denies the allegations contained in Paragraph 66 as they relate to this Defendant.

67.    Direct Energy's prior filings speak for themselves. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 67 of Plaintiff's First Amended Complaint, and therefore denies the same.

68.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 68 of Plaintiff's First Amended Complaint, and therefore denies the same.

69.    Defendant denies the allegations set forth in Paragraph 69 of Plaintiff's First Amended Complaint.

70.    Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 70 of Plaintiff's First Amended Complaint, and therefore denies the

same.

71.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 71 of Plaintiff's First Amended Complaint, and therefore denies the same.

72.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 72 of Plaintiff's First Amended Complaint, and therefore denies the same.

73.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 73 of Plaintiff's First Amended Complaint, and therefore denies the same.

74.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 74 of Plaintiff's First Amended Complaint, and therefore denies the same.

75.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 75 of Plaintiff's First Amended Complaint, and therefore denies the same.

76.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 76 of Plaintiff's First Amended Complaint, and therefore denies the same.

77.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 77 of Plaintiff's First Amended Complaint, and therefore denies the same.

78.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 78 of Plaintiff's First Amended Complaint, and therefore denies the

same.

79.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 79 of Plaintiff's First Amended Complaint, and therefore denies the same.

80.     No response is necessary from Defendant as this allegation consists solely of legal conclusions and *May 2013 FCC Ruling*, 28 FCC Rcd at 6592-593 speaks for itself. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 80 of Plaintiff's First Amended Complaint, and therefore denies the same.

### Class Action Allegations

81.     Defendant admits that Plaintiff has brought this action. No further response is necessary from Defendant as this allegation consists entirely of legal conclusions.  To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 81 of Plaintiff's First Amended Complaint, and therefore denies the same.

82.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 82 of Plaintiff's First Amended Complaint, and therefore denies the same.

83.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 83 of Plaintiff's First

Amended Complaint, and therefore denies the same.

84.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 84 of Plaintiff's First Amended Complaint, and therefore denies the same.

85.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 85 of Plaintiff's First Amended Complaint, and therefore denies the same.

86.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 86 of Plaintiff's First Amended Complaint, and therefore denies the same.

87.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 87 of Plaintiff's First Amended Complaint, and therefore denies the same.

88.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 88 of Plaintiff's First Amended Complaint, and therefore denies the same.

89.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 89 of Plaintiff's First

Amended Complaint, and therefore denies the same.

90.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 90 of Plaintiff's First Amended Complaint, and therefore denies the same.

91.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 91 of Plaintiff's First Amended Complaint, and therefore denies the same.

92.     Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 92 of Plaintiff's First Amended Complaint, and therefore denies the same.

**Legal Claims**

**Count One:**
**Violation of the TCPA's provisions**
**Prohibiting autodialer calls to cell phones**

93.     In response to Paragraph 93 of Plaintiff's First Amended Complaint, Defendant restates and re-avers its Answer to Plaintiff's First Amended Complaint including Paragraphs 1 through 92 of its Answer.

94.     Defendant denies the allegations set forth in Paragraph 94 of Plaintiff's First Amended Complaint.

95.     Defendant denies the allegations set forth in Paragraph 95 of Plaintiff's First Amended Complaint.

**Count Two:**
**Violation of the TCPA's Do Not Call Provisions**

96.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, in response to Paragraph 96 of Plaintiff's First Amended Complaint, Defendant restates and re-avers its Answer to Plaintiff's First Amended Complaint including Paragraphs 1 through 95 of its Answer.

97.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 97 of Plaintiff's First Amended Complaint.

98.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 98 of Plaintiff's First Amended Complaint.

## Count Three:
## Violation of the PCPL

99.     At this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, in response to Paragraph 99 of Plaintiff's First Amended Complaint, Defendant restates and re-avers its Answer to Plaintiff's First Amended Complaint including Paragraphs 1 through 98 of its Answer.

100.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 100 of Plaintiff's First Amended Complaint.

101.     No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his

allegations in this lawsuit. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 101 of Plaintiff's First Amended Complaint.

102.    No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant denies the allegations set forth in Paragraph 103 of Plaintiff's First Amended Complaint.

103.    No response is necessary from Defendant as this allegation consists solely of legal conclusions. Further, at this stage of the litigation, former Plaintiff Jon Frey has dismissed his allegations in this lawsuit. To the extent a response is necessary, Defendant is without knowledge sufficient to form a belief as to the truth of the allegations set forth in Paragraph 103 of Plaintiff's First Amended Complaint, and therefore denies the same.

### Relief Sought

Defendant denies that Plaintiff is entitled to any of the relief sought.

### AFFIRMATIVE DEFENSES

1.    Defendant denies all other allegations contained within Plaintiff's First Amended Complaint not herein specifically admitted to be true.

2.    Lack of personal jurisdiction.

3.    Venue is improper.

4.    Insufficiency of service, and service of process of the Summons and Complaint.

5.    Failure to state a claim upon which relief can be granted.

6.    Failure to join party under Rules 19 of the Federal Rules of Civil Procedure.

7.    Plaintiff's claims are barred, in whole or in part, by the doctrine of consent.

8.    Statute of limitations.

9.    The damages and injuries alleged by Plaintiff were proximately caused or resulted from actions for which Defendant has no legal liability.

10.  Plaintiff's alleged damages or injuries were proximately caused or contributed to by the negligence of persons other than this Defendant, including but not limited to, any other party named in this lawsuit.

11.  Failure to name a real party in interest.

12.  Plaintiff's claims are barred, in whole or in part, by the doctrine of justification.

13.  Intervening or superseding acts of persons or entities other than these Defendants.

14.  Failure to mitigate damages.

15.  Defendants may be entitled to a set off.

16.  Release.

17.  Res judicata.

18.  Defendant affirmatively alleges, in the alternative, that Defendant was at all times working within the scope of its agency.

19.  Defendant affirmatively alleges, in the alternative, that Defendant acted in good faith and in reliance on the instructions of its principal at all times relevant to the Complaint.

20.  Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

21.  Spoliation of evidence.

22.  Damage caps may apply.

23.  Lack of subject matter jurisdiction.

24.  Any and all applicable defenses under the TCPA, 47 U.S.C. § 227, et seq.

25.  Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks constitutional standing as Plaintiff did not suffer any concrete injury in fact. The TCPA proscribes the use of certain automated equipment "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . ."  47 U.S.C. § 227(b)(1)(A)(iii). The statutory and regulatory structure is clear:  TCPA liability exists only when an autodialed or pre-recorded call is made to the mobile telephone number of a plaintiff or a telephone number of another wireless service for which the plaintiff is charged. Voicemail service and the process by which voicemail is deposited on a carrier's platform for access by a subscriber is neither a call made to a mobile telephone number nor a call for delivery of which Plaintiff (or any consumer) is charged, and, indeed, is

a service that is not regulated by the TCPA at all. Accordingly, Plaintiff's TCPA claims fails for want of standing.

26. To the extent a violation(s) is established, any such violation(s) was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

27. Through its policies and procedures, Defendant, at all times material to this lawsuit, exercised reasonable care to prevent and correct promptly any alleged unlawful behavior.

28. Plaintiff's First Amended Complaint fails because Defendant utilized good faith efforts to comply with all applicable statutes and regulations.

29. Defendant had reasonable grounds for believing that its actions with respect to the Plaintiff were not in violation of the law.

30. Plaintiff lack standing to bring the claims in the Complaint because Defendant did not use a "automatic telephone dialing system" to make a "telephone solicitation" as those terms are defined under the TCPA.

31. Defendant respectfully incorporates any and all affirmative defenses asserted by any other Defendant in this action.

32. As this Court has previously noted, "[t]he TCPA is designed to protect individual consumers from receiving intrusive and unwanted *telephone calls*." *Reed*, 26 F. Supp. 3d at 1290 (emphasis added). The TCPA was enacted to "protect the privacy interests of residential telephone subscribers by placing restrictions on unsolicited, *automated telephone calls to the home* and to facilitate interstate commerce by restricting certain uses of facsimile (fax) machines and automatic dialers." S. Rep. No. 102-178, at 1 (1991), reprinted in 1991 U.S.C.C.A.N. 1968. The TCPA was enacted in response to an increasing number of consumer complaints arising from the increased number of telemarketing *calls*. *See id.* at 2. "In particular, Congress reported, '[m]any consumers are outraged over the proliferation of intrusive, nuisance [telemarketing] calls to their *homes*.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (emphasis added) (addressing similar concerns with respect to calls to the plaintiff's cellular phone, and citing TCPA, 105 Stat. 2394, note following 47 U.S.C. § 227 (Congressional Findings)). Comments made on the Senate floor by the TCPA's sponsor, Senator Hollings, reflect the intended scope of the Act: "Computerized calls are the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone right out of the wall." *Mims*, 565 U.S. at 384 (citing 137 Cong. Rec. 30821-30822 (1991)). The TCPA was never designed to protect a person from the receipt of voicemails not left on the person's phone. *Voicemail* messages delivered directly to a voicemail service provider do not implicate the same concerns as autodialed *telephone calls*. There is no voice channel through which a voice communication can be made, and no function on the telephone that would allow the subscriber to answer the "call" or communicate back instantaneously. Unlike the computerized dialing methods the TCPA was designed to prevent, the voicemail

technology here does not directly dial or make a call to a cellular telephone line and does not involve the potential annoyance of dropped or dead air calls. Consumers have the freedom to dial into their carrier's voicemail service platform to pick up the voicemail or not, to listen to it or not, as and when they see fit, and may do so without incurring any delivery charges. As such, the conduct at issue falls outside the scope and purpose of the TCPA

33.    The claims asserted by Plaintiff are subject to a valid and enforceable arbitration agreement and/or arbitration clause in a contract which must stay the action pending arbitration.

34.    Defendant denies that Plaintiff is entitled to any of the relief requested in their Prayer for Relief.

35.    Defendant reserves the right to assert additional affirmative defenses learned through discovery.

WHEREFORE, Defendant KAA Energy, Inc. respectfully requests that the Complaint be dismissed, with prejudice, at Plaintiff's cost, and the Court award Defendant's costs, including reasonable attorneys' fees, and such further relief as the Court deems proper, equitable, and just.

Respectfully submitted,

*/s/ Gregory G. Guice*
Gregory G. Guice (0076524)
**REMINGER CO., L.P.A.**
101 W. Prospect Ave., Suite 1400
Cleveland, Ohio 44115
P: 216-687-1311
F: 216-687-1841
Email:  gguice@reminger.com

*Counsel for Defendant KAA Energy, Inc.*

## JURY DEMAND

Defendant requests a trial by the maximum number of jurors permitted by law.

*/s/ Gregory G. Guice*
GREGORY G. GUICE

*Counsel for Defendant KAA Energy, Inc.*

21

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served on this 7th day of February, 2019, via CM/ECF on all counsel of record.

/s/ Gregory G. Guice

GREGORY G. GUICE

*Counsel for Defendant KAA Energy, Inc.*