UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES EVERETT SHELTON; individually and on behalf of all those similarly situated, § § § § | |
| Plaintiff, § § | Case No. 1:19-cv-81 |
| v. § § § | MAGISTRATE JUDGE DAVID A. RUIZ |
| DIRECT ENERGY, LP AND KAA ENERGY, INC. § § § § | |
| Defendants, § § | |

**ORDER GOVERNING DISCOVERY
OF HARD COPY AND ELECTRONICALLY STORED INFORMATION**

The parties having jointly requested the entry of an Order Governing Discovery of Hard Copy and Electronically Stored Information, and for good cause shown, it is hereby ORDERED as follows:

**A.    ESI Production.**

Electronic data produced by either of the parties should be provided in the following format:

1. PDFs.   The default file format in which ESI will be produced is searchable PDF. If a given PDF file contains multiple documents, there shall be a page break at the end of each document. When a PowerPoint document is converted to PDF, the version that will be converted will show the speaker notes (if any). When a Word document is converted to PDF, the version that will be converted is as it was last saved, showing any comments.

2. Unique IDs.   Each image should have a unique file name: the Bates number of that page (e.g., ABC0000001) or page range (e.g., ABC0000001-10) of the

1

document(s) produced.

3. <u>Native Format</u>. The parties have agreed that the following documents will be produced in native format: Excel spreadsheets, Access databases, and Microsoft Project files. The parties reserve their rights to seek additional electronic documents in their native format. ESI should not be put through fidelity-destroying processes. For instance, ESI should not be printed out and then scanned back in. As another example, color files should not be flattened to black and white.

4. <u>Non-Convertible Files</u>. Certain types of files, such as system, program, video and sound files may not be amenable to conversion into anything meaningful in PDF format. Responsive, non-convertible files will be produced in the form of a placeholder PDF image. Some examples of file types that may not convert include file types with the following extensions: *.exp, *.ilk, *.res, *.trg, *.tlh, *.idb, *.pdb, *.pch, *.opt, *.lib, *.cab, *.mov, *.mp3, *.swf, *.psp, *.chi, *.chm, *.com, *.dll, *.exe, *.hld, *.ivi, *.ivt, *.ix, *.msi, *.nls, *.obj, *.ocx, *.rmi, *.sys, *.tmp, *.tff, *.vbx, *.wav, *.wpg, *.iso, *.pdb, *.eps, *.mpeg, *.mpg, *.ram, *.rm, *.psd, *.ai, *.aif, *.bin, *.hqx, *.snd, *.mpe, *.wmv, *.wma, and *.xfd.

Other files may not convertible to PDF due to password protection or corruption (for example). If reasonable efforts to obtain useful PDF images of these files are unsuccessful, these non-convertible files will also be accounted for with a PDF placeholder.

5. <u>Gaps</u>. Productions should contain sequential Bates numbers with no gaps within or between productions. A unique production volume number will be used for each production. If any unavoidable gaps occur, the parties agree to provide

   advance notice of those gaps within productions and/or between productions.

  6. <u>Parent-Child Relationships</u>. Parent-child relationships (the association between an attachment and its parent document) must be preserved.

  7. <u>Search Terms and Date Ranges</u>. In an attempt to minimize e-discovery costs and disputes, the parties agree that search terms may be used to identify documents in the event that production of all ESI responsive to a request would be unduly burdensome.

**B.** **Production Media.**

ESI shall generally be produced by portable storage device or secure download.

**C.** **Right to Request Additional Information.**

A requesting party may request additional information about specific ESI if that party can demonstrate that material, relevant, and responsive information that is not otherwise cumulative of information already produced can only be found through such additional efforts. The parties will negotiate in good faith with regard to whether such additional efforts are reasonably required and, if so, who should bear the cost, and the Court will resolve such disputes in accordance with its standing order and the local rules if agreement cannot be reached.

**D.** **Inadvertent Production of Documents.**

Inadvertent production of any document in response to discovery requests in this action by any party or non-party that the producer later claims should have been withheld on grounds of a privilege, including the work-product doctrine, will not be deemed to waive any privilege or work-product protection in this case or in any other federal or state proceeding. This shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or

segregation of privileged and/or protected information before production.

**E.** **Modifications To ESI Protocol**

The parties agree that any of the terms and requirements herein can be modified by agreement between the parties, reduced to writing.

**SO ORDERED,** this 22nd day of February, 2019.

                                            s/ *David A. Ruiz*
                                            David A. Ruiz
                                            United States Magistrate Judge