UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JAMES EVERETT SHELTON; individually and on behalf of all those similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> DIRECT ENERGY, LP AND KAA ENERGY, INC. <br><br> Defendants, | § § § § § § § § § § § § § §  Case No. 1:19-cv-81 |

**PLAINTIFF'S RESPONSE TO DEFENDANT KAA ENERGY, INC.'S
REQUEST FOR AN EXTENSION OF TIME TO RESPOND TO DISCOVERY**

The Plaintiff files this brief response to the Defendant KAA Energy Inc.'s motion for an extension of time to serve discovery responses:

1. As KAA Energy concedes in their motion, the Plaintiff has no opposition to an extension of time to serve discovery responses other than documents that identify the individuals called in this putative class action related to violations of the Telephone Consumer Protection Act, 27 U.S.C. § 227, *et seq.* ("TCPA").

2. KAA Energy's Motion states in a conclusory fashion that no party will suffer any prejudice with their extension.

3. However, that's simply not true with respect to the documents that the Plaintiff seeks.

4. Over the Plaintiff's objection, KAA Energy requested that this Court bifurcate discovery to focus on the issue of their claim that Plaintiff consented to be called. *See* ECF No. 49.

5. The Plaintiff has unequivocally denied providing such consent, and after the

1

bifurcated discovery period, KAA Energy did not move for summary judgment on that issue.

6. The Court adopted the new Case Management Order, which allows for discovery on both class and merits issues. *See* ECF No. 60.

7. However, the parties began this discovery period by conducting another 90-days of bifurcated discovery focusing solely on the Plaintiff's claims.

8. Again, KAA Energy did not move for summary judgment.

9. The Plaintiff then served his discovery focusing on class identification issues.

10. The Plaintiff's putative class is based off the fact that the TCPA claims are governed by the four year federal statute of limitations in 28 U.S.C. §1658(a) ("Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after [December 1, 1990] may not be commenced later than 4 years after the cause of action accrues"); *See also Giovaniello v. ALM Media, LLC*, 726 F.3d 106, 115 (2d Cir. 2013) (four-year statute of limitations applies to private TCPA claims in federal court).

11. However, not all telecommunications companies, including the companies that are used to engage in automated telemarketing, keep records of telephone activities for up to four years, and without an immediate gathering of records, the likelihood of destruction of this evidence increases with each passing day. Attached as <u>Exhibit 1</u> is a chart of national telecommunications providers and their respective call detail record retention policies compiled by the Department of Justice.

12. As detailed in the chart, many of the major telecommunications providers will only retain call record information for 12-18 months, and presumably smaller telecommunications providers keep this information for an even shorter period.

13. However, KAA Energy has not produced these records.

14. This risk to the putative class members' interests is not merely hypothetical. Multiple decisions have turned on the destruction of telephone records. For example, in *Levitt v. Fax.com*, No. 05-949, 2007 WL 3169078, at *2 (D. Md. May 25, 2007), the court denied class certification in a TCPA fax case because "critical information regarding the identity of those who received the facsimile transmissions" was not available. Likewise, in *Pasco v. Protus IP Solutions, Inc.,* 826 F. Supp. 2d 825, 831 (D. Md. 2011), the court was compelled to grant the defendant's motion for summary judgment where plaintiffs were unable to obtain the "transmission data on which to support their claims that [the defendant] sent them the unsolicited faxes at issue."

15. As a result, putative class plaintiffs in TCPA cases are left to move forward with discovery, especially when third parties are involved, to ensure that documents are preserved.

16. WHEREFORE, the Plaintiff does not oppose the extension of time to respond to discovery and produce documents, as identified above, but requests that the documents of calling records that identify putative class members be produced.

Dated: September 23, 2019        PLAINTIFF,

By:
*s/ Anthony I. Paronich*
Anthony I. Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (508) 221-1510
anthony@paronichlaw.com

CERTIFICATE OF SERVICE

I, hereby certify that on September 23, 2019, I filed the foregoing with the Court's CM/ECF system, which served the same on the counsel of record.

*/s/ Anthony Paronich*
Anthony Paronich